This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-42027**

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.

**GEORGE BRYANT a/k/a
GEORGE CALAGUAS BRYANT,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF OTERO COUNTY
Stephen Ochoa, District Court Judge**

Raúl Torrez, Attorney General
Santa Fe, NM
Michael J. Thomas, Assistant Solicitor General
Albuquerque, NM

for Appellee

Bennet J. Baur, Chief Public Defender
Allison H. Jaramillo, Assistant Appellate Defender
Santa Fe, NM

for Appellant

### MEMORANDUM OPINION

**DUFFY, Judge.**

**{1}** This matter was submitted to this Court on Defendant's brief in chief pursuant to the Administrative Order for Appeals in Criminal Cases from the Second, Eleventh, and Twelfth Judicial District Courts in *In re Pilot Project for Criminal Appeals*, No. 2022-002, effective November 1, 2022. Following consideration of the brief in chief, this Court

assigned this matter to Track 2 for additional briefing. Now having considered the brief in chief, answer brief, and reply brief, we reverse for the following reasons.

**{2}** Defendant appeals from the district court's denial of his motion for reconsideration following the district court's entry of an amended judgment and sentence. [3 RP 669, 685, 688] Defendant argues that the district court erred by not giving Defendant any opportunity to allocute prior to entering the amended judgment and sentence. [BIC 7, 9] Defendant further contends that the district court erred in failing to hold a hearing on his Rule 5-801 NMRA motion. [BIC 11] In its answer brief, the State concedes that Defendant's right to allocution was violated and agrees with Defendant that this case should be remanded for resentencing to permit Defendant the opportunity for allocution. [AB 7, 9] Although we are not bound to accept the State's concession in this regard, following our review of the briefing and record, we agree with the parties that remand is appropriate. S*ee State v. Tapia*, 2015-NMCA-048, ¶ 31, 347 P.3d 738 ("Although the state concedes this issue, we are not bound to accept the state's concession." (text only) (citation omitted)); *State v. Serrato*, 2021-NMCA-027, ¶ 13, 493 P.3d 383 (accepting the state's concession after review).

**{3}** This is Defendant's third appeal arising from the same underlying district court case. The first such appeal was dismissed as premature, while the second resulted in this Court's opinion in *State v. Bryant* (*Bryant I*), 2023-NMCA-016, 525 P.3d 367, *cert. denied* (S-1-SC-39550, Feb. 1, 2023). There, this Court affirmed in part and reversed in part by (1) vacating Defendant's conviction for shooting at or from a motor vehicle resulting in great bodily harm, (2) reinstating Defendant's previously vacated conviction for attempted first degree murder, and (3) remanding to the district court for entry of an amended judgment and sentence. *Id.* ¶ 41. On remand, and prior to the district court's entry of an amended judgment and sentence, Defendant filed a motion to amend the judgment and sentence as well as a Rule 5-801 motion for reconsideration. [3 RP 634, 649] Following entry of the amended judgment and sentence, [3 RP 669] the district court entered a written order denying Defendant's Rule 5-801 motion. [3 RP 385]

**{4}** The parties do not dispute that within the remand proceedings following *Bryant I*, and prior to the district court's entry of the amended judgment and sentence, Defendant was not given an opportunity for allocution. "Allocution is defined as the formal inquiry or demand made by the court or clerk to the accused at the time for pronouncing sentence as to whether the accused has anything to say why sentence should not be pronounced on him." *State v. Wing*, 2022-NMCA-016, ¶ 22, 505 P.3d 905 (text only) (citation omitted). "[A]llocution provides an avenue through which a defendant may ask for mercy based on factors that might not otherwise be brought to the court's attention, and promotes safety, certainty and equity in sentencing and the judicial process overall." *Id.* (text only) (citation omitted). "An allocution violation in New Mexico renders the sentence invalid, resulting in the remedy of reversal and resentencing without inquiry into the harm the violation may have caused." *Id.* There being no dispute that Defendant was not afforded the opportunity to exercise his allocution rights, and concluding that the record confirms this oversight, we agree with the parties that reversal and remand is

warranted in order to permit Defendant such opportunity prior to entry of an amended judgment and sentence.

**{5}** As to Defendant's contention regarding the district court's failure to hold a hearing on his Rule 5-801 motion, we note that Defendant does not cite authority requiring the district court to hold a hearing on such a motion. "[A]ppellate courts will not consider an issue if no authority is cited in support of the issue and that, given no cited authority, we assume no such authority exists." *State v. Vigil-Giron*, 2014-NMCA-069, ¶ 60, 327 P.3d 1129. Moreover, we understand Defendant's assertions on this issue to ultimately relate to the lack of opportunity afforded to Defendant to appear before the district court, in a self-represented capacity or otherwise, prior to resentencing. [BIC 13-14] Because Defendant will necessarily be afforded such opportunity on remand, we decline to further address this issue.

**{6}** Based on the foregoing, we reverse and remand to the district court for resentencing consistent with this opinion.

**{7} IT IS SO ORDERED.**

**MEGAN P. DUFFY, Judge**

**WE CONCUR:**

**JENNIFER L. ATTREP, Judge**

**ZACHARY A. IVES, Judge**